Case number 15-3006. United States of America v. Michael Palmer, also known as Tony, also known as Knott, also known as James, appellant. Ms. Rowland for the appellant, Mr. Coleman for the appellee. Good morning. The Fair Sentencing Act is not a windfall for Mr. Palmer. It's Congress' judgment that a term of life imprisonment for 1,500 grams of crack is unfair and too long. The Supreme Court drew a line in Dorsey v. United States, and Mr. Palmer is on the side of the line that entitles him to an FSA sentence. You would agree. I know your brief says re-sentencing, but Dorsey didn't address that. Is that correct? No, Dorsey did not address re-sentencings. It addressed defendants who were being sentenced post-act for pre-act conduct. So that's the question we have to decide, right? In other words, whether under 2255, when relief is granted, the judgment must be set aside. And what does that mean for purposes of the Fair Sentencing Act? Well, most certainly the judgment does have to be set aside. That's what 2255 says. That if an infirmity is found... I know. I'm trying to emphasize that as a significant point. And I don't know which way that cuts from the point of view of your client's interest. But once the district court decides to grant a 2255 motion for any reason, it's required to set aside the judgment. Yes. And then it has four options. Yes. And as I read the government's brief, it's saying, well, if it's a re-sentencing, you get the Fair Sentencing Act relief. If it's a correction, you don't. Right. And so you say that's just labeling. Yes. So now, does your argument mean that those two words in 2255 are duplicative? That one is rendered superfluous? I don't think that we need to make that argument. Well, what I'm trying to understand here is the government's brief is taking the position that the district court was very careful not to grant your client the re-sentencing hearing he wanted. Yes. And as I understand the government's brief, and it can correct me, it says, therefore, all that occurred here was a correction. And a correction doesn't get you where you and your client need to be. Is that your understanding? Yes. The Supreme Court's decision in Dorsey defeats that argument. The analysis in Dorsey about what Congress was doing and the analysis about the disparities that would be created by not allowing pre-act offenders who are being sentenced post-act, the benefit of the FSA applies equally here. So you read Dorsey to mean that any time a defendant's sentence or the judgment of conviction is set aside, what necessarily happens is the type of sentencing that Dorsey was addressing. Yes. That is our argument. That when the judgment has been set aside and sentence is going to be imposed on the remaining counts of conviction, the judge must apply current law that's been made retroactive. Isn't there some overlap between 2255 and Rule 35 in the language of correction? I mean, one of the things a judge is empowered to do, instructed to do under 2255, is to perform a correction, right? And that's one of the things. To set aside the judgment and... And correct it, right? I mean, that's one of the categories. No, Rule 35 doesn't say that. I'm sorry, I'm sorry. I was thinking of... 2255. Yes, 2255. And in that way, isn't there some overlap between what's happening in Rule 35? I think the kind of correction that they're talking about is like the example that we gave in our brief. When the judgment mistakenly says you're convicted of 50 grams of crack, when in fact you were convicted of 5 grams of crack. So Rule 35 refers to arithmetic, technical, or other clear error. Yes. I wasn't trying to find out what Congress had in mind when it used correction in 2255. And you don't cite the Morris case until your reply brief, so I don't know if the government's prepared to address it, but... Perhaps a court could simply reissue what it would call a corrected judgment. But that's not the case. In 1994, when Congress revisited this, they called it a correction. That's the way... They called it correction of erroneous cross-references. So at least that's what they had in mind, what they were doing. They viewed the Scrivener's Error argument, I know you don't think it was a Scrivener's Error, but they viewed that as a problem that needed to be fixed by a correction of erroneous cross-references. That doesn't sound like we sentencing here, does it? Well, certainly there was no Scrivener's Error type technical problem here to be corrected. This was a substantive sentence where the law had changed. So it wasn't appropriate for a correction. Dorsey says that the FSA applies to pre-act offenders being sentenced post-act. To the district court, I certainly didn't think it was involved in re-sentencing. I mean, it seemed almost ministerial, right? They were just mopping off some sentences that were no longer applied? The language of the district court, the rest of the sentences from Petitioner's original judgment of conviction remain as announced. There's no recalculation here. They weren't untying this knot. And that is the error. We asked twice in the 2255 for a re-sentencing hearing at which we could make arguments about the appropriate sentence. So the word re-sentencing, as defined in Black's Law Dictionary, which is as far as I've gotten so far, says it means a new or revised sentence. So the district court said your client's going to face life as he faced under the original sentence. So there's no change there. So do you have to come under the rubric of this is at least a revised sentence? Well, I mean, what I'm trying to understand is what Congress had in mind here in terms of if you're going to get 2255 relief, then Congress instructs the judgment must be vacated. So there's nothing pending against the defendant until the district court does something. Yes. And it seems to me that's different from Rule 35A's notion of correction. But I may be wrong. Well, it is different in the sense that the judgment is vacated entirely. If I could just briefly. Could I ask you one other question about your interpretation of Dorsey? Another way to read Dorsey is that it was line drawing, but it understood that even with the line it was drawing, there were still going to be cases that involve the types of discrepancy in sentencing. Right. That Congress was concerned about. Right. And what they said was there will still be some disparities. Some defendants aren't going to have the opportunity. Like in this kind of case, some defendants are not back before the district court, and so they don't have the opportunity to make these arguments and get an FSA sentencing. But they decided that not applying the rule that they applied, not making it retroactive, would result in worse disparities. And that's certainly the case here. He's back before the court. The district court might sentence someone five minutes later whose conduct was pre-August 3, 2010, but who would get the benefit of the federal sentencing act. So your argument is even if we just thought it was a correction, it still gets the benefit. Yes. I guess I'm still not sure how we get from Dorsey's view that initial sentencing, which falls after the effective date, would get you the benefit of the FSA, to the idea that any time any part of a sentence is vacated, you would have to give the defendant the benefit of that. Well, for two reasons. One is that there's really no difference between the defendant in Mr. Palmer's circumstance and the defendant who's being sentenced for the first time. And then, sorry, I lost my train of thought. There's really no difference. But, I mean, it does look different, at least to me. I mean, someone who is being sentenced for the first time, it suggests that the pre-act conduct probably occurred in reasonable proximity to the sentencing. Whereas once we get to resentencing, we could be talking about conduct that was 30 years earlier. Right. But I don't think that that makes any difference when the conduct occurred, as long as we're talking about pre-act conduct. And the other thing I wanted to point out is that the entire sentence was vacated. There was no judgment. So all of the sentences... That's a rather technical matter, though, isn't it? I mean, that the entire sentence was vacated. The effect of this was that the original parts of the sentence were left intact and weren't touched. But Glenbrook just locked off some that were no longer viable. Right. But when you're commanded to vacate the judgment, everything in that judgment is vacated. And now you have to reimpose sentence based on what's left. And here, what was left had different penalties. Now, Dorsey, I think I understand your argument about Dorsey. I mean, Dorsey obviously didn't have this scenario in front of us. This would be an extension of a principle you say undergirds Dorsey. And it seems to me that the thing we need to wrestle with is, does this mean that every time a sentence is going to be corrected, that the FSA comes into play? And I hear your argument saying, yes, that's what Congress intended. Yes. Even for what may appear to be the ministerial corrections that don't involve the judge making every... So you reject the Second Circuit language of the knot, the idea that there's this... If they untie the knot of sentencing, then you get the benefit of the FSA. But if you leave the knot alone, it's... That metaphor doesn't resonate with you, I think. The district court, when it's issuing a new judgment, reimposing sentence, it has to... It's going to lop off some, and then it has to look at what's remaining and determine the appropriate sentence for that. And it might, in some circumstances, it might cause... I mean, here it was a mandatory minimum, so the judge didn't have a choice if he thought the FSA didn't apply. But in other circumstances, the judge might sort of look at what's lopped off and look at what's left and decide that there might be... That the sentence on the remaining count might need to be different. It changes things. It changes things. Yes. Yes. Okay. There's an older case out of the... I guess it's the Fourth Circuit that sort of talks about what's the difference under 2255 between just correcting something and resentencing. And there the court draws a line by saying, well, resentencing means looking at what's new, having it hearing, doing something that goes far beyond just what Judge Lamberth did here. And so, I mean, that seems to be a line that would make it much easier for us to figure out when resentencing has occurred versus something else under 2255. And so is your view that it's just whenever you touch the sentence in some way that is not a purely technical correction? Or maybe you don't even accept that. Yes, that's my view. Okay. And my view is that it's a bit circular to say he didn't hold a hearing and he just said, you know, I'm lopping these off and everything remains the same. Therefore, it was merely a corrected sentence when, in fact, it needed to be more than that. It needed to be looking at the remaining sentences to determine under current law what those sentences should be. Was that clear? I don't think that saying, you know, what he did was so minimal that it must be a correction. Well, it should have been more than that. I think the problem that we're having is that it seems like we're going in a circle either way we do it. But I understand your answer. I do think that under Dorsey, and as we've cited cases in our brief, and as far as I can tell, there's been no court and the government cites no case that says that a defendant, in our circumstance, after 2255, where the judgment has been vacated, is not entitled to the Fair Sentencing Act. Several courts in the cases in our brief have said that they are. All right. Why don't we hear from the government? We'll give you some time on it. She did not get to address the second part of this. So I just want to see. Okay. Right. Regarding the 848B statute in place at the time that Mr. Palmer was convicted and sentenced, the district court lacked jurisdiction to sentence him because it did not state a crime. At the time of his conduct, though, that wasn't the statute. He was 22 months of the 24 months alleged. He was under the predecessor statute, right? He was sentenced, though, under the 1989 version of the statute. What's the significance of the fact that for 22 months during his crime spree, it was the predecessor statute? What do we make of that fact? Well, that gets into factual issues where there is evidence at trial, testimony from government's witnesses. Well, let's imagine it's true. But let's imagine that for 22 months of the 24 months, he was engaged in this crime spree under the predecessor statute in which the enhancement was clear. If that's the case, you may dispute that, but if that is the case, what significance would that have for us? Well, I think the court would have to look at what exactly the jury was asked to find and what they found about the time frame. And really have to look at, I think you have to look at the evidence. I thought this was a notice argument. I thought this was a due process argument. And if, in fact, he was on notice that that sort of conduct could lead to life imprisonment, I'm trying to think what that does to your notice argument. When he was charged, when he was arrested, when he was charged, when he was tried, convicted, sentenced. Are those the only times to look at not when the conduct occurred? Well, I don't think that the defendant is held to sort of pick through older iterations of the statute. No, it wasn't the older iteration of the statute. As I understand, for 22 months of the 24 months crime spree, it was a statute that was clear that this sort of conduct could lead to life imprisonment. Now, for the last two, now, at the time he was sentenced and so forth, we've got the model of the statute. But I'm just trying to get at what's the legal significance of that fact, if that. I think there is none. Because the court at the time that the court exercised jurisdiction, it did not have jurisdiction because the offense that the government charged and the offense for which the judge sentenced him was based on the 1989 statute that did not state a crime. So that's your response to the government's waiver and procedural bar arguments that this is a jurisdictional matter? Yes, it is a jurisdictional matter, and it can't be waived. All right. Thank you. Thank you. Good morning. I'm going to introduce the court. My name is Nick Coleman, and I represent the United States. I'd like to begin by addressing the first Fair Sentencing Act issue before proceeding to the jurisdictional question about the CCE statute. One thing I did notice, that counsel began with the argument that there was unfairness here in having appellant sentenced not under the law passed in 2010, but that his sentence would remain what it was when he was actually committed the crimes and was sentenced. And I think here the unfairness is on the other side. The only reason why appellant can even make this argument is because the government charged him with what was then the maximum threshold, or rather the minimum threshold to face the life sentence penalty, which was 1,500 grams. As Judge Green made clear at the sentencing. What was that sentence you just said? The government charged him with what? At the time, I believe it was 1,500 grams of crack cocaine that made you eligible for the life penalty. But that's because that was what the law was at the time. Judge Green made clear at sentencing that as the government's evidence showed at trial, appellant and his organization was responsible for trafficking in crack cocaine far in excess of that amount. In fact, far in excess of the 8,400 grams. Let me just ask you what you're asking us to decide. It's as though you're arguing to us as the district court. I think if the idea is that Dorsey needs to be extended so far as to reach even what are merely ministerial corrections to a sentence, simply to reflect vacated judgments because it will result in unfairness. What do you take with Congress's language in 2255? Resentencing or correction, you must vacate the judgment. I don't think, again, it depends on whether you're looking at every part of an overall set of sentences for individual convictions or whether you think that automatically the not is undone every time one conviction is vacated. I'm dealing with the text of the statute Congress passed, and it has these four alternatives. And so either the defendant's released, he gets a new trial, and we're dealing with the other two. He gets a resentencing or correction. I think this is at most a correction. It is certainly not a resentencing that required the existing convictions where the district court says there's no need to go back to those original sentences and redo them. And so the district court here said, I have to decide, this is a question, I have to decide what judgment to enter now that I have granted a motion to vacate. Yes. And I, the current district court judge, am in total agreement with the original district court judge that life is appropriate. Now, could the district court have reached an entirely different conclusion? I don't think it would have been appropriate for the judge to do so. No, legally. Yes, I don't think it would have been legally appropriate for the judge to do that in this case. No, strike appropriate. I'm trying to understand, did he have the legal authority to do something different, having corrected, in your language, and vacated the judgment? We haven't been asked to brief that because obviously that's not what Judge Lamberth did in this case. I don't think that Judge Lamberth Treat it as a hypothetical question and give me your best answer. Our answer is this. Judge Lamberth, it would not have been permissible for him to essentially say, I'm going to now resentence for all of the remaining counts of conviction. I am going to resentence appellant under the new law, as opposed to the old one, when there was no reason to think that vacating merged concurrent counts had any effect on the old sentences. And so I don't think that he would have had that authority. And I think you can even see that appellant did not suggest to Judge Lamberth that he had that authority, because if you look at the motion that appellant filed. That was a housekeeping motion. He said, you know, we've got this old judgment that talks about 17 counts. You vacated five of them. So we need a judgment that shows the 11 counts. Right. And appellant went so far as to say the sentences should be, and then listed all of the original sentences that Judge Green had issued. Because that's what Judge Lamberth had done. Well, that's true. But I think it also, there was no suggestion made there that what was being done. That's the judgment that's on appeal, is the housekeeping judgment. At least for this judge. Yes. That was not a waiver, okay, that motion of the arguments made in the 2255 motion. But I think what it does illustrate, even if it's not seen as a waiver, it illustrates that the actual act of simply entering the amended judgment that removed vacated counts was nothing more than a ministerial act. And that is the judgment that's on appeal here today. How are we supposed to distinguish between ministerial acts and those that are clearly fallen under Dorsey? Well, again, Dorsey did not address at all the situation we have here today. You were to follow what all of our sister circuits have done and say that it applies to resentencing. How do we distinguish between ministerial and resentencing? I think when a judge has to look at an existing count of conviction and say that the sentence now needs to be redone, and I think the sentencing package doctrine, if it comes into play, is the classic case of a true resentencing. In other words, when vacated counts, when it's clear that that affected what the sentencing judge had wanted to do in terms of the overall length of the sentence, in other words, that the vacated counts had an impact on the sentence for the still existing convictions, then a resentencing is required, and that's more than a ministerial act. And I think one of the really good dividing lines is, is there any need for the defendant to be present at such an action? And I think vacating a merged count that has no effect on the other sentences because they were purely concurrent is not the sort of act that this Court has said a defendant must be present for. Certainly, if now what's going to be said is that through the back door, now district judges, whenever they're told that they have to vacate a count, now they have to redo all of the other sentences. That would be the implication, and I don't think that that is what this Court or any other Court has held needs to be done. I didn't see any argument about presence of the defendant in your brief. Did I miss that? No, it's discussed in a number of the cases, although I think we do have, we did talk about several cases by implication where we said that a defendant was not required to be present, and I think that's a good, if the question is what is the difference between the two, I think that's a good starting point. You know, with all due respect, those courts were not hanging their holding on whether the defendant needed to be present. That's true, but I think here a defendant would have to be present. Why? If the question is now, well, we're going to redo this sentence under new law, then it's hard to see how the judge doesn't have to have a full resentencing hearing where everybody gets to argue essentially what the new sentence should be under the new law. I don't see, and that really would be the effect. I don't think Judge Lambert had to do that. With all due respect, is Congress' use of the word correction in 2255 and its instruction that the judgment has to be vacated? I don't think that what Congress intended by that was that every time a judge removes one count of conviction that it is necessary now to undo the sentence for the remaining counts of conviction in every case. I don't think that that is what Congress had in mind, and that is why it distinguished between correction and resentencing. A resentencing on a count of conviction is a different animal from what we're dealing with here today. And, again, I do think that Dorsey was talking about situations where it could be a matter of mere months between Defendant A who is sentenced for the same conduct at the same time just before the FSA is passed and Defendant B who is sentenced later. But to extend that kind of discrepancy back in time to this kind of a case, we submit, is not what Congress had in mind. Congress did not make the FSA retroactive. But this, it's hard to see. Every time a defendant who confines some count that's been merged now gets the incredible windfall of having his sentence done under existing law that nobody could have anticipated at the time when he was charged. It's true that Dorsey speaks only of initial sentencing, which seems to be a clear line. But as I understood it, the government concedes that if there is, quote, resentencing, then Dorsey is extended to that. Am I wrong about that? The government does appear to have taken that position with respect to true resentences. We certainly contest the idea that what happened here was a resentencing on the existing counts of conviction where the judge leaves them on the books and basically says they don't need to be re-addressed. But the problem with that concession is that then we are in the business of trying to figure out when it is a true resentencing. And so what's the principle that is, you know, that can be applied there? I think, again, it sort of, you know, the way that the district judge approaches it shows whether it was, in fact, a resentencing. But that can't be right. The district court judge may be wrong. I think only if what the district judge does. I mean, it is conceivable the district judge could be wrong that what he's doing is, in fact, a resentencing. This is not that case, however, because Judge Lambeth was very clear. There is no need to revisit the concurrent counts that remain on the books. What you have here, I mean, I think it's important to look at what was struck off. You have concurrent 924C counts that everybody agreed under Rutledge merged with the conspiracy count. But Judge Green had structured those all in a way that they were concurrent. But the one that's really at issue here today is the CCE count and the narcotics conspiracy, which this court has since held is essentially subsumed into the CCE count. That's why you can't have both convictions on the books at the same time. But to say that, therefore, now, every time a defendant who is convicted of both is now entitled to a full resentencing on the CCE count, when it is clear that he's not, takes that language much too far. This is not a resentencing. This is simply a recognition that under this court's law, I believe in Anderson, the narcotics conspiracy count was merged into the CCE. There is absolutely no reason to see why that would require re-evaluating the sentence for the CCE count. Of course, the district court here stated he had discretion to vacate the CCE count, and he was exercising his discretion not to. That's correct. So that undercuts your argument. Well, I don't know that it necessarily undercuts this in terms of whether this was a resentencing. He may choose which one of the two that he leaves on the books. And, again, that isn't a question that we've been asked to address here today. The judge may have seen that. Well, counsel, I mean, I understand you don't want to answer these questions, but even as to the question that Judge Brown asked you, it's clearly written in your brief, and you sort of backed away from it by saying it appears that's the position the government has taken. Well, we're not backing away from anything in our brief. So if this court were to say, what, that what the judge was doing once he vacated was a resentencing, then the government is fine with that? We don't think no, because obviously that would be exactly contrary to what we've argued here today. No, you're saying we must find that it was only a correction. That is correct. This was a correction of the judgment. And that the district court, having corrected, had no authority. That's the strange part of this, to do anything other than go back to what the original judge did. Judge Lambert didn't seem to view his authority as limited in that manner. He talked about his discretion. He talked about which counts he was going to vacate or not vacate. And, indeed, he didn't do exactly what the defendant asked him to do when he issued the updated order. These are two different questions, I think, that we're talking about here, though. Judge Lambert, first of all, the 22— Well, you introduced this, counsel, with all due respect. I'm sorry, Your Honor. I do want to make sure I answer the court's questions. So I do think that what Judge Lambert was trying to do was a different— There's, again, if what one thinks of what is being corrected, I suppose, is the way to think. Are you correcting the sentences on the actual individual sentences for each separate conviction? I mean, each sentence must be based on a specific conviction. It is bound by the law that Congress has provided for that conviction. The judgment is, of course, in a particular case, reflects all of the different counts of conviction and the sentences for them. The correction here, at most, was to the judgment. It was not to any individual sentence that remained on the books. It was to the judgment by striking merged counts. Certainly, Judge Lambert saw that step as being nothing more than a ministerial act, and that was how it was presented to him by appellant at that point. Yes, at the 2255 stage, appellant asked for a new sentencing hearing. But that decision is not on appeal here today. Appellant did try to take an appeal, but it is not properly before this Court. It's his ministerial act which, at most, corrected a judgment. He did not correct any sentence for any conviction. And I think that is one of the crucial distinctions here. Now, yes, Judge Lambert decided at the 2255 motion that he would vacate the narcotics conspiracy instead of the CCE conviction. Appellant disagreed with that, but that's not an issue that's before this Court today. Again, which one he decided to vacate as merged is a separate question from, having made all those decisions and then being asked later to enter an amended judgment, all he did at most was correct a judgment. And with respect to that judgment, there was no need for him to try to start then correcting existing sentences for individual convictions when he saw no basis to do so. And under that, because that, I think, flows from how certainly other courts have approached this question, what he did was not a resentencing under 2255. It was, at most, a correction of a judgment. And with respect to that, the FSA does not apply. Do you want to address 848B? Yes. First of all, we do think that this jurisdictional question has already been addressed and rejected by this Court in Baucom. There was no right not to be hailed into court for a statute that has not yet been declared unconstitutional, and this Court has said that that is not a use. The district court still has jurisdiction over a statute whose constitutionality is still in doubt. And, in fact, that's even more the case here, where the appellant isn't actually saying that the CCE statute as a whole was unconstitutional, but only the life penalty. So appellant still must concede implicitly, I assume, that he would be properly convicted of CCE. There's a notice issue here. There's a difference between being – I mean, the fiction here is that people know or need to know what the penalty will be. And the difference between a mandatory life and a statutory mandatory minimum of 20 years is a big difference, right? Right. That's true. The jurisdictional question, though, I address only because it's the only way that appellant can ask this Court to review it, because otherwise this claim is procedurally barred. It should have been raised on direct appeal 25 years ago and was not. Even if this Court were to entertain it, however, we think that this Court's decisions dealing with this very statute after it was enacted and having to deal with it shows that the fact that, again, only 22 of the 24 months were unaffected by this error. The fact that appellant has never even attempted to show that he was convicted solely on the basis of supposed post-invalidity conduct shows that there was no notice problem either, because for – except for the last two months of his two-year conspiracy, there was no notice problem at all in the CCE statute's life penalty. And since appellant hasn't even attempted to make that showing, this claim, again, simply isn't carried here today. If there are no further questions, we respectfully submit that the judgment of the District Court should be affirmed. Thank you. Thank you. Counsel for appellant? Thank you. Regarding the 848B statute, the government at no time gave notice to the defendant that he was being charged under a prior iteration of the statute. So as far as he knew, he was being charged under the 1990 – 1989 version of the statute. I'm happy to ask – answer any questions the court has, and if not, we will rest on our briefs. Thank you. We'll take the case under advisement.
judges: Rogers, Brown, Griffith